John LaPlante
Reg. No. 06495-089
FCI Big Spring Low
1900 Simler Avenue
Big Spring, TX 79720

Pro Se Plaintiff

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 JUN 21   AM 10: 04

DEPUTY CLERK _____

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

\*\*\*\*\*

| | | |
|---|---|---|
| John LaPlante          , | § | |
| Plaintiff, | § | **1-10CV-129   C** |
| vs. | § | Civil No. _____ |
| K. EDENFIELD, WARDEN; | § | Civil Complaint, pursuant to: |
| HARLEY G. LAPPIN, DIRECTOR; | § | Title 28 U.S.C. §§ 1331; 1367 |
| ERIC HOLDER, ATTORNEY GENERAL; | § | (a); 2201; 2202; and Bivens & |
| UNITED STATES OF AMERICA; | § | The Federal Tort Claims Act |
| Defendants. | § | |

---

## CIVIL COMPLAINT

I,  John LaPlante         , the undersigned pro se Plaintiff in this action,

after the administrative remedies have been exhausted on the claims presented

herein, as required by the Prison Litigation Reform Act (PLRA), and the Supreme

Court's decision in, Jones v. Bock, 166 L.Ed.2d 798, 810 (2007), hereby suing the

Defendants in the individual and professional capacities, for five million in

compensatory damages, five million in punitive damages, and all costs incurred

in this action, for the reasons discussed below.

Plaintiff hereby respectfully requests that this Honorable Court construe his

pro se Complaint liberally, and in his favor, as required by the Supreme Court's

decision in, Federal Express Corp. v. Holowecki, 170 L.Ed.2d 10, 23 (2008), where

the Court held that, "[e]ven in the formal litigation context, pro se litigants

are held to a lesser pleading standard than other parties." Additionally, in,

Estelle v. Gamble, 50 L.Ed.2d 251, 261 (1976), the Court held that "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Quoting, Haines v. Kerner, 30 L.Ed.2d 652-53 (1972).

## JURISDICTION

This Court has original jurisdiction pursuant to Title 28 U.S.C. §§ 1331; 1367(a)(joinder of parties); §§ 2201 & 2202 (declaratory and injunctive relief); § 2674 (Tort liability); and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 29 L.Ed.2d 619 (1971).

## LIST OF PARTIES

Plaintiff, _John LaPlante_, is a citizen of the United States, who is currently residing at FCI Big Spring (Low), a federal prison in Texas, 1900 Simler Avenue, Big Spring, Texas 79720.

Defendant, K. Edenfield, Warden of FCI Big Spring (Low), is a citizen of the United States and a resident of the State of Texas, who has a mailing/service address of 1900 Simler Avenue, Big Spring, Texas 79720.

Defendant, Harley G. Lappin, Director of the Federal Bureau of Prisons (BOP), is a United States citizen and a resident of Washington, D.C., who has a mailing/service address of 320 First Street, N.W., Washington, D.C. 20534.

Defendant, Eric Holder, Attorney General of the United States, is a United States citizen and a resident of Washinton, D.C., who has a mailing/service address of R.F.K. Dept. of Justice Bldg., 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

Defendant, United States of America, is served pursuant to Rule 4, through the Attorney General of the United States, Eric Holder, at R.F.K. Dept. of

Justice Bldg., 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

Pursuant to Rule 4, although the United States Attorney for the Northern District of Texas, Abilene Division, is not a party to this action, it is a requirement that he be served at, United States Attorney, Northern District of Texas, 341 Pine Street, Room 2008, Abilene, Texas 79601-5914.

It should be noted that, Plaintiff, being a federal prisoner, does not have access to the Defendants personal/home addresses for purposes of service in their individual/personal capacities.  Therefore, Plaintiff hereby respectfully requests that, in the interest of fundamental fairness, the Court authorize service of the Defendants, in their personal and professional capacities, at the addresses that are provided above, or provide Plaintiff with the necessary addresses.

## EIGHTH AMENDMENT CLAIMS

In anticipation of this suit becoming a class action, and other prisoners requesting joinder under 28 U.S.C. § 1367(a), Plaintiff asserts that, "a class of prisoner-plaintiffs certified under Rule 23(b)(2) satisfies the PLRA's administrative exhaustion requirement through 'vicarious exhaustion,' i.e., when one or more class member ha[s] exhausted his administrative remedies with respect to each claim raised by the class... requiring all class members to exhaust their administrative remedies, 'could impose an intolerable burden upon the inmate complaint review system.'" Chandler v. Crosby, 379 F.3d 1278, 1287 (11th Cir. 2004).

The claims presented herein, which all revolve around extreme overcrowding and a long list of resulting unconstitutional prison conditions have been administratively exhausted by one or more prisoners.

"It is unquestionable that '[c]onfinement in a prison... is a form of punishment subject to scrutiny under the Eighth Amendment standards.'" Rhodes v. Chapman, 69 L.Ed.2d 59, 67-8 (1981).  "When conditions of confinement amount to cruel and

unusual punishment, 'federal courts will discharge their duty to protect constitutional rights.'" Rhodes, at 72.  A "totality of prison conditions can be combined to show an Eighth Amendment violation is a proposition established in many cases. The Supreme Court in Rhodes... observed that conditions of confinement, 'alone or in combination' may unconstitutionally deprive inmates of minimum necessities. Other counts have readily adopted the totality of circumstances analysis when examining the constitutionality of prison conditions under the Eighth Amendment." Williams v. Griffin, 952 F.2d 820, 824-25 (4th Cir. 1991).

The Eighth "Amendment proscribes more than physically barbarous punishment... The Amendment embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency'... against which we must evaluate penal measures. Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" Estelle v. Gamble, 50 L.Ed.2d 251, 259 (1976).

"[A] prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference.'" Wilson v. Seiter, 115 L.Ed.2d 271, 278-79 (1991).

Plaintiff asserts that the following allegations will demonstrate that the Defendants have, and are, acting with a deliberate indifference and a reckless disregard for Plaintiff's life, safety, health, and federall protected rights.

## GENUINE ISSUES OF MATERIAL FACES - CAUSE OF ACTION

1.  The Defendants know that, pursuant to Federal Bureau of Prisons (BOP) program statement 1060.11, prisoners housed in an open dorm sleeping area are required to have "60 square feet" per prisoner."

2.  The Defendant are fully aware that, "excluding bathing, toilet and activity areas... [prisons] must calculate its permissible overall population on the basis of sixty square feet per dormitory prisoner." Ruiz v. Estelle, 666 F.2d 854, 857 (5th Cir. 1982).

3. The Defendants know that the open dorm sleeping areas of the housing units at FCI Big Spring (Low) restrict the prisoners living space to approximately "30 square feet" per prisoner, half that required by law, in violation of p.s. 1060.11, and Plaintiff's constitutional rights.

4. The Defendants have exhibited a deliberate indifeference and a reckless disregard for the "60 square feet" per prisoner requirement, which has, is, and will, subject Plaintiff to unsafe, unhealthy, unsanitary, and unconstitutional prison conditions, in violation of Plaintiff's federally protected rights.

5. The Defendants know, or reasonably should know, that the total Rated Capacity, as of December 1st, 2008, at FCI Big Spring (Low), for the permanent housing units (Sunrise & Sunset) is 891 prisoners.

6. The Defendants know that, during the year of 2009, the prisoner population, at FCI Big Spring (Low), on the average, was, and is, approximately double (twice) the authorized Rated Capacity.

7. The Defendants know, or reasonably should have known, that by violating the "60 square feet" per prisoner requirement, and increasing the prisoner population to approximately double (twice) its Rated Capacity would create unconstitutional conditions, as alleged in the administrative remedies, and further discussed below.

8. The Defendants know, that Defendant Harley G. Lappin, on March 10th, 2009, made a statement before the Subcommittee on Commerce, Justice, Science and Related Agencies, where he stated in part that, "[c]orrectional administrators agree that crowded prisons result in greater tension, frustration, and anger among inmate population, which leads to conflicts and violence."

9. The Defendants know that "[i]t is 'cruel and unusual punishment to hold convicted criminals in unsafe conditions'... It would be odd to deny an injunction to inmates who plainly prove an unsafe life threatening condition in their prison on the ground that nothing yet had happened to them. The Courts of Appeals have plainly recognized that a remedy for unsafe conditions need not await a tragic

event." Helling v. McKinney, 125 L.Ed.2d 22, 30-32 (1993).

10.  The Defendants know that the ventilation and air circulation systems at FCI Big Spring (Low), that was designed to accommodate a maximum of only 891 prisoners, are out-dated, and wholly insufficient to provide adequate, germ free, clean/fresh air, for the approximately 1,700 prisoners housed at FCI Big Spring (Low), and that the restroom air vents are rusty and moldy, thereby creating an unhealthy, unsanitary, and unconstitutional living environment.

11.  The Defendants know, or reasonably should know, that "[i]nadequate ventilation and air flow violates the Eighth Amendment if it undermines the health of inmates and the sanitation of the penitentiary." Chandler v. Crosby, 379 F.3d 1279, 1293 (11th Cir. 2004).

12.  The Defendants know that the fire exits and evacuation plan was designed, for safety purposes, for the Rated Capacity of 891 prisoners.

13.  The Defendants know that housing double (twice) the Rated Capacity in the prisoner living areas, obviously means that it takes twice as long to evacuate the units in an emergency, creating an unsafe, and unconstitutional prison condition.

14.  The Defendants know that, throughout the year of 2009, the fire drills and unit evacuations took place after work call, when the prisoners were at work, school, medical, commissary, recreation, or other areas besides the units, and that the staff walked through the living areas prior to the fire drills informing the prisoners to get ready for the fire drills, which created the illusion that the units can be evacuated in compliance with fire codes, when, in fact, they cannot.

15.  The Defendants know that there are no fire extinguishers, fire hoses, or emergency buttons, in the units living/sleeping areas, which is a safety hazard, that could result in death or serious bodily injury.

16.  The Defendants know that the chairs and writing tables have been removed from the units living/sleeping areas in order to unconstitutionally increase the prisoner population to double (twice) that is lawfully authorized.

(6)

17.  The Defendants know that many of the prisoners lockers at FCI Big Spring (Low) are stacked on top of one-another in order to force the bunkbeds closer together to house more prisoners in an unconstitutional manner, which creates a serious safety hazard, and impedes proper cleaning procedures, contributing to the overcrowded and unconstitutional living conditions.

18.  The Defendants know that the extreme overcrowding, in such an old facility where the infrastructure is crumbling and only designed for a Rated Capacity of 891 prisoners, has, and is, causing unsafe, unhealth, unsanitary, and unconstitutional living conditions, because there are too many prisoners packed into small living areas, forced to use an inadequate number of showers, toilets, and sinks.

19.  The Defendants know that "the American Correctional Association [ACA] recommends one toilet per 12 inmates." Parchette v. Nix, 952 F.2d 158, 163 (8th Cir. 1991).

20.  The Defendants know, or reasonably should know, that the Courts have ruled that prisons are required to provide one shower and one toilet for every twelve prisoners. Taylor v. Sterrett, 666 F.2d 1135, 1143 (5th Cir. 1979).

21.  The Defendants know that, due to the extreme overcrowded conditions, FCI Big Spring (Low) is not in compliance with the required shower, toilet, to prisoner ratio.

22.  The Defendants know that Bureau of Prisons (BOP) program statement 1600.08, states in part that, "[t]he design, construction, and maintenance of the institution plumbing system shall meet the requirements of the current National Plumbing Code."

23.  The Defendants know that FCI Big Spring (Low) is not in compliance with the National Plumbing Code, not only in regards to the Shower, toilet, to prisoner ratio, but also because there are no floor drains in the toilet, urinal, and sink areas of the prisoner dorm restrooms, which results in standing water and raw sewage on a frequent basis, and unsafe, unhealthy, unsanitary, and unconstitutional conditions.

24.  The Defendants know that BOP program statement 1600.08, further states that,

"[i]n addition to the requirements of the National Plumbing Code for the water distributions system, all requirements of the Safe Drinking Water Act will be followed for evaluating the quality and safety of the institution water supply."

25.  The Defendants know, or reasonably should know, that FCI Big Spring (Low) is not in compliance with p.s. 1600.08, the National Plumbing Code, or the Safe Drinking Water Act requirements, which has resulted, and is resulting, in unsafe, unhealthy, unsanitary, and unconstitutional conditions.

26.  The Defendants know that the dinning hall and kitchen at FCI Big Spring (Low) were designed for a Rated Capacity of 891 prisoners.

27.  The Defendants have, and are, exhibiting a deliberate indifference and a reckless disregard for Plaintiff's life, health, and rights to basic necessities, by forcing approximately 1,700 prisoners to eat at a food service department that was designed for only 891 prisoners, which results in a hasty preparation of substandard quality food, and the serving trays and drinking glasses being generally dirty in the rush to feed approximately 1,700 prisoners.

28.  The Defendants know that the medical and dental departments at FCI Big Spring (Low) were designed for a Rated Capacity of only 891 prisoners.

29.  The Defendants know that the overcrowded prison population at FCI Big Spring (Low) is suffering inadequate and poor quality medical and dental care due to the excessive overcrowding.

30.  The Defendants know, or reasonably should know, that Title 18 U.S.C. § 4042(a)(2), states in part that, "[t]he Bureau of Prisons, under the director of the Attorney General, shall -- provide suitable quarters, and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States."

31.  The Defendants know, or reasonably should know, that Title 42 U.S.C. § 2000bb(a), mandates that, "[n]o individual in the custody or under the physical control of the United States Government, regardless of nationality or physical

location, shall be subject to cruel, inhuman, or degrading treatment or punishment."

32. The Defendants know, or reasonably should know, that "[t]he Supreme Court has said that the term 'shall' 'normally creates an obligation impervious to judicial discretion'... That is, where Congress uses the word 'shall' to describe a parties obligations, Congress intends to command rather than suggest... The word 'shall' is ordinarily 'the language of command'... The one commanded must follow the command... 'It is well settled that 'shall' means 'must.'" United States v. Quirante, 486 F.3d 1273, 1275 (11th Cir. 2007).

33. The Defendants know that the education and law library departments are too small to properly accommodate the overcrowded conditions at FCI Big Spring (Low).

34. The Defendants know that the prisoner visiting area is inadequate to properly service the prisoners and visitors with the facility operating at double (twice) its Rated Capacity.

35. The Defendants know that the commissary was not designed to accommodate double (twice) the Rated Capacity, and that the commissary often runs out of commissary items, due to lack of adequate storage space for the number of prisoners which causes tension, frustration, and violence.

36. The Defendants know that the overcrowded conditions at FCI Big Spring (Low) substantially increases the potential for violence.

37. The Defendants know, or reasonably should know, that "[o]vercrowding, with all its consequences, can reach such proportions that the impact of the aggregated effect amounts to cruel and unusual punishment." Johnson v. Levine, 588 F.2d 1378, 1380-81 (4th Cir. 1978).

38. As demonstrated above, under the totality of the circumstances, the Defendants have, and are, exhibiting a deliberate indifference and reckless disregard for Plaintiff's safety, health, life, basic human necessities, and federally protected constitutional rights.

(9)

### PLAINTIFF'S FIRST CLAIM FOR RELIEF

Plaintiff is suing the Defendants in their individual and professional capacities for five (5) million in compensatory damages, because the Defendants have exhibited a deliberate indifference and a reckless disregard for Plaintiff's past, present, and future suffering, his life, safety, health, and federally protected rights.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF

Plaintiff is suing the Defendants in their individual and professional capacities for five (5) million in punitive damages, in order to send a message to the Defendants that their unconstitutional conduct will not be tolerated, and to help prevent this same type of conduct in the future.  It is well established that "a jury may be permitted to asses punitive damages in an action... when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 75 L.Ed.2d 632, 651 (1983).

### PLAINTIFF'S THIRD CLAIM FOR RELIEF

Plaintiff is requesting declaratory and injuntive relief in the form of an injunction under Title 28 U.S.C. § 2201 and 2202, requiring the Defendants to reduce the prisoner population to its Rated Capacity of 891 prisoners in general population, with instructions to remove the excess bunkbeds from the unit/dorm living area, and equally distribute the required bunkbeds, in order to proved each prisoner with the required "60 square feet," mandated by law, and with instructions not to stack any lockers.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF

Plaintiff is suing the Defendants in their individual and professional capacities for all fees and costs incurred in connection with this action, including but not limited to, any and all future attorney and expert witness fees.

## PLAINTIFF'S JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action, because the facts alleged in the foregoing Civil Complaint establish a cause of action, and clearly demonstrates that genuine issues of material fact exists that precludes summary judgment.

## CONCLUSION

Wherefore, Plaintiff prays that this Honorable Court will allow this action to proceed, issues the Summons and serve the Defendants, requiring the Defendants to answer the allegations in this Civil Complaint within sixty (60) days.

I,   __John LaPlante__   , pro se Plaintiff in the foregoing Civil Complaint, hereby attest and declare, under the penalty of perjury, that the foregoing is true and correct.

Respectfully submitted,

John LaPlante

(11)

## CERTIFICATE OF SERVICE

I, __John LaPlante__, pro se Plaintiff in the foregoing Civil Complaint,

hereby certify that I have mailed, by way of the United States mail, with postage

prepaid, the original and two true and correct copies to the Court for filing, and

five additional copies, with the required Summons forms for each party, and an In

Forma Pauperis application, to the following:

Clerk of the Court
U.S. District Courthouse
P.O. Box 1218
Abilene, Texas 79604

and one copy will be served upon each Defendant, and required parties, with the
required Summons, by the Court, pursuant to Rule 4, after filing, at their
respective addresses which are listed below and on the Summons forms:

K. Edenfield, Warden
FCI Big Spring Low
1900 Simler Avenue
Big Spring, TX 79720

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Eric Holder, Attorney General
R.F.K. Dept. of Justice Bldg.
950 Pennsylvania Avenue
Washington, D.C. 20530

United States of America
c/o Attorney General Holder
950 Pennsylvania Avenue
Washington, D.C. 20530

United States Attorney
Northern District of Texas
341 Pine St., Rm. 2008
Abilene, Texas 79601-5914

on this __7th__ day of __June__, 2010.

John LaPlante
Reg. No. 06495-089
FCI Big Spring Low
1900 Simler Avenue
Big Spring, TX 79720

Administrative Remedy No. 539281-A1
Part B - Response


This is in response to your Central Office Administrative Remedy
Appeal in which you complain about the overcrowding conditions.
You request a reduction in the inmate population to no more than
800 inmates.

Our review reveals the Warden and Regional Director adequately
responded to the issues you raised in your appeal.  The
overcrowding issue is not unique to your current institution as
the inmate population continues to grow at an unprecedented rate.
The Bureau of Prisons complies with applicable national standards
regarding issues such as square footage, and proper sizing of
rooms and exits.  Furthermore, efforts are made to address and
accommodate the increase in population effectively.

We find the conditions under which you are housed adequate to
meet your housing, food, clothing and other necessities.

Based on the above, your appeal is denied.


_____                    _____
          Date                               Harrell Watts, Administrator
                                             National Inmate Appeals

John LaPl[...]
Federal [...]
1900 Si[...]
Big Spri[...]



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE
www.usps.com
Label 107R, February 2006

U.S. POSTAGE
PAID
BIG SPRING, TX
79720
JUN 18 10
AMOUNT
$0.00
00090607-02
UNITED STATES
POSTAL SERVICE
1005    79604

ACCEPTED
FCI UNIT
1900 SIMLER
BIG SPRING


RECEIVED
JUN 2 8 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FROM: John LaPlante # 06495-089
Name
Federal Correctional Institution
1900 Simler Ave
Box or Street Address
Big Springs, Tx 79720
City, State and ZIP Code

Postage Stamps
Here

TO: Clerk of Courts
U.S. District Courthouse
P.o. Box 1218

Abilene, Tx 79604

Leg[...]